UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA SAEPOFF,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH CASCADE TRUSTEE SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 2:17-CV-957-RSL<br><br>ORDER GRANTING UNITED STATES' MOTION FOR PARTIAL SUMMARY ADJUDICATION REGARDING PRIORITY |
| HSBC BANK USA N.A. AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-WM2, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>    Counterclaimant,<br><br>v.<br><br>JESSICA SAEPOFF, et al.,<br><br>    Counterdefendants. | |

This matter comes before the Court on the United States' "Motion for Partial Summary Adjudication Regarding Priority." Dkt. #56.

ORDER GRANTING UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT REGARDING PRIORITY - 1

# BACKGROUND

**A. Plaintiff's Property Interest**

Plaintiff Jessica Saepoff acquired an interest in property located at 4003 92nd Avenue SE, Mercer Island, WA 98040 ("the Property") on November 2, 2006. Ex. 8, Dkt. #56-2 at 166–67. On the same day, she obtained two loans against it from WMC Mortgage Corp. ("WMC") for $490,000 and $122,500, respectively. Exs. 9-10, Dkt. #56-2 at 170–199; see Ex. 1 (Saepoff Dep.), Dkt. #56-2 at 24:25–25:25:13. She stopped making mortgage payments in July 2010. Saepoff Dep. at 27:4–11. On September 23, 2010, she conveyed her interest in the Property to the 4003 92nd Avenue SE Land Trust with Martin Victor Brunt as Trustee ("Brunt"), via a Quitclaim Deed. Ex. 11, Dkt. #56-2 at 201–03. She received no consideration for it. See Ex. 3, Dkt. #56-2 at 129; Ex. 4, Dkt. #56-2 at 139. Less than three weeks later, on October 11, 2010, Brunt conveyed his interest in the Property back to plaintiff via another Quitclaim Deed. Ex. 12, Dkt. #56-2 at 205–06.

Despite the transfer, plaintiff testified that she lived on and retained the power to manage the Property, that she remained the owner of the Property, and that she made all payments on the Property, such as utility bills and property taxes. Saepoff Dep. at 41:25–42:4, 42:23–43:2, 46:14–47:11, 51:3–12; see Ex. 14 (Brunt Decl.), Dkt. #56-2 at ¶¶ 7, 10. Plaintiff was also the sole beneficiary of and in control of the Trust. Saepoff Dep. at 42:15–18, 43:12–16, 52:12–22; see Brunt Decl. at ¶ 8. She testified that the IRS contacted her regarding her tax liabilities in 2008, prior to her transfer to Brunt, although she also testified that she "had an agreement with [the IRS] and [she] was in compliance with [it], so everything was paid up as agreed at the time." Saepoff Dep. at 53:6–54:25. Brunt stated that he knew at the time of the transfer that plaintiff "had tax liabilities and other debts," and that he believes that "she was trying to shelter her assets from debtors." Brunt Decl. at ¶ 9. On January 26, 2011, the IRS recorded a Notice of Federal Tax Lien against plaintiff. Ex. 16, Dkt. #56-2 at 229–31. This was released on August 7, 2017. Ex. 17, Dkt. #56-2 at 234–35.

On November 7, 2012, plaintiff again conveyed her interest in the Property to the 4003 92nd Avenue SE Land Trust with Randy Styer as Trustee ("Styer") via a Quitclaim Deed and received no consideration for it. See Ex. 3, Dkt. #56-2 at 130; Ex. 4, Dkt. #56-2 at 139. At the time, Styer was living on the Property with plaintiff. Saepoff Dep. at 60:21–24; see Ex. 2 (Styer Dep.) at 14:5–8. They were later married on February 13, 2015. Id. at 60:17–18; see Styer Dep. at 14:11–15. Despite the transfer, plaintiff remained the owner of the Property, controlled the Property, and continued making the payments on the Property. Saepoff Dep. at 64:22–66:5; see Styer Dep. at 22:19–23:16, 24:12–21, 25:20–26:1. On October 2, 2014, the IRS recorded a Notice of Federal Tax Lien with King County against plaintiff for her unpaid federal income tax assessments for the taxable years 2009 to 2012. Ex. 18, Dkt. #56-2 at 237–38.

### B. Procedural History

On April 25, 2016, plaintiff filed a complaint in the King County Superior Court to invalidate the Deed of Trust and Notice of Trustee's Sale issued by defendant HSBC Bank USA, N.A. as Trustee on Behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-WM2, Asset Backed Pass-Through Certificates ("HSBC"). Dkt. #25 at 2. Plaintiff also asserted claims for violations of Washington's Consumer Protection Act ("CPA"), the Real Estate Settlement Procedure Act, and the Truth in Lending Act. Id. Plaintiff filed a Second Amended Complaint on February 10, 2017, asserting claims for injunctive and declaratory relief regarding the loan documents, mortgage fraud and fraudulent misrepresentation, quiet title, and violations of the Consumer Loan Act, the Deed of Trust Act, and the CPA. Id. On April 11, 2017, HSBC, MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc. and Ocwen Mortgage Servicing, LLC filed their answer and counterclaimed for judicial foreclosure of the subject Deed of Trust, joining, among others, the United States of America. Id.; see Dkt. #1-2 at 7–20.

The United States removed the case to this Court on June 22, 2017. Dkt. #1 at 1–5; see 28 U.S.C. §§ 1442(a)(1), 1444, 2410. It then filed its answer and claim, seeking a determination

ORDER GRANTING UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT REGARDING PRIORITY - 3

that its tax liens are valid and attach to plaintiff's interest in the Property. See Dkt. #19. On October 5, 2017, the Court approved the stipulation regarding priority between HSBC and the United States. Dkt. #28; see Dkt. #27. The United States then filed this motion for summary judgment. Dkt. #56. It argues that it is entitled to a judgment determining that its liens from the taxable years 2009 to 2012 are valid, attach to the Property, and have priority over any interest that Styer has in the Property. Id. at 10. No response was filed. See Dkt. #60; see LCR 7(d).

## **DISCUSSION**

The Court grants summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount … shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The lien attaches at the time the assessment is made and continues until the liability for the amount so assessed "is satisfied or becomes unenforceable by reason of lapse of time." Id. at § 6322.

The Court "'look[s] initially to state law' to determine the taxpayer's ownership interest in the property." Id. at 1067 (quoting Drye v. United States, 528 U.S. 49, 58 (1999)). Under Washington law, § 6321 applies "not only [to] the property and rights to property owned by the delinquent taxpayer, but also [to] property held by a third party if it is determined that the third party is holding the property as a nominee or alter ego of the delinquent taxpayer." United States v. Smith, No. C11-5101 RJB, 2012 WL 1977964, at *5 (W.D. Wash. June 1, 2012) (quoting Spotts v. United States, 429 F.3d 248, 251 (6th Cir. 2005)). "Whether a person … holds property as a nominee of a taxpayer is determined by the degree to which a party exercises control over an entity and its assets." Id. (citing United States v. Bell, 27 F. Supp. 2d 1191, 1195 (E.D. Cal. 1998)). District courts in Washington consider the following factors: "(1) Whether the nominee paid no or inadequate consideration … (2) Whether the property was placed in the

name of the nominee in anticipation of litigation or liabilities; (3) Whether there is a close relationship between the transferor and the nominee; (4) Whether the parties to the transfer failed to record the conveyance; (5) Whether the transferor retained possession; and (6) Whether the transferor continues to enjoy the benefits of the transferred property." Id. (citing United States v. Black, 725 F. Supp. 2d 1279, 1291–92 (E.D. Wash. 2010)). "The factors to be considered in determining whether an entity is an alter-ego of a taxpayer are similar to the nominee factors." Id. at *6 (citing Sharp Mgmt., LLC v. United States, No. C07-402JLR, 2007 WL 1367698, at *3 (W.D. Wash. May 8, 2007)).

Styer paid no consideration for the Property. See Ex. 3, Dkt. #56-2 at 130; Ex. 4, Dkt. #56-2 at 139. Plaintiff had tax liabilities dating back to 2008. Ex. 18, Dkt. #56-2 at 237–38. She was living with Styer on the date of the transfer, and they were married approximately two years later. Saepoff Dep. at 60:17–18. Plaintiff retained possession of the Property and continued to make payments on and control the Property. Saepoff Dep. at 64:22–66:5; see Styer Dep. at 22:19–23:16, 24:12–21, 25:20–26:1. There is no dispute as to any material fact—plaintiff did not even file a response—and the United States is entitled to have its liens attach to the Property as a matter of law. See Fed. R. Civ. P. 56; see Smith, 2012 WL 1977964 at *5–6. The Court therefore need not reach the United States' contentions with regard to Washington's Uniform Fraudulent Transfer Act. Dkt. #56 at 9; see RCW § 19.40.041.

## **CONCLUSION**

For all the foregoing reasons, the United States' motion for partial adjudication regarding priority is GRANTED. The Court hereby FINDS as follows:

1. Plaintiff is the owner of the Property;

2. The United States' tax liens against plaintiff for the taxable years 2009 through 2012 are valid and attach to her interest in the Property;

3. Randy Styer, Trustee of the 4003 92nd Avenue SE Land Trust, is plaintiff's nominee or alter ego, and neither he nor the 4003 92nd Avenue Land Trust have any interest in the Property;

4. The United States' interest in the Property is superior to any interest that Randy Styer, and/or the 4003 92nd Avenue SE Land Trust, may claim in the Property.

DATED this 19th day of April, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT REGARDING PRIORITY - 6