UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA SAEPOFF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTH CASCADE TRUSTEE SERVICES, INC., et al.,<br><br>　　　　Defendants. | Case No. 2:17-CV-957-RSL<br><br>ORDER GRANTING DEFENDANTS HSBC, MERS, AND OCWEN'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| HSBC BANK USA N.A. AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-WM2, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>JESSICA SAEPOFF, et al.,<br><br>　　　　Counterdefendants. | |

This matter comes before the Court on a motion for judgment on the pleadings filed by defendants HSBC Bank USA, N.A. as trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust,

ORDER GRANTING DEFENDANTS HSBC, MERS, AND
OCWEN'S MOTION FOR JUDGMENT ON THE PLEADINGS - 1

Series 2007-WM2, Asset Backed Pass-Through Certificates ("HSBC"), MERSCORP Holdings, Inc. ("MERCORPS"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Ocwen Mortgage Service, LLC ("Ocwen") (collectively, "defendants"), see Dkt. #63, and plaintiff's "Motion to Strike Defendants 'Reply' Re: Defendants' Motion for Judgment on the Pleadings." See Dkt. #72.

For the reasons that follow, defendants' motion is GRANTED. Plaintiff's motion to strike, Dkt. #72, is DENIED.

## BACKGROUND

On November 2, 2006, plaintiff Jessica Saepoff executed and delivered to WMC Mortgage Corporation ("WMC") an Adjustable Rate Note in the amount of $490,000 ("the Note"). Ex. A, Dkt. #1-2 at 51–57. On the same date, to secure payment on the Note, plaintiff executed a Deed of Trust pertaining to property located at 4003 92nd Avenue SE, Mercer Island, Washington ("the Property"). Ex. B, Dkt. #1-2 at 59–76; see Dkt. #1-2 (Compl.) at ¶¶ 4.1–4.7. This named MERS as the nominee for WMC and the beneficiary under the Deed of Trust. Ex. B, Dkt. #1-2 at 59–60. The Deed of Trust was recorded on November 6, 2006 in King County, Washington. Ex. 1, Dkt. #63-1 at 4–21.[1] On April 7, 2011, MERS assigned its interest in the Deed of Trust to HSBC ("the Assignment"). Ex. 2, Dkt. #63-1 at 22. The assignment was prepared by Ocwen. Id.; see Compl. at ¶ 4.37. On May 21, 2015, HSBC appointed North Cascade Trustee Services, Inc. ("North Cascade") as Successor Trustee under the Deed of Trust. Ex. 3, Dkt. #63-1 at 23–24; see Compl. at ¶ 4.39. On January 19, 2016, North Cascade recorded a Notice of Trustee's Sale. Ex. 9, Dkt. #63-1 at 35–38; see Compl. at ¶ 4.40. The sale was

---

[1] The Court GRANTS defendants' request for judicial notice. Dkt. #63-1. The Court may take judicial notice of a fact that is not subject to reasonable dispute because it is generally known within the Court's territorial jurisdiction, or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This may include undisputed matters of public record. Carlson v. Wells Fargo Bank, N.A., No. C15-0109JLR, 2015 WL 2062394, at *4 (W.D. Wash. May 4, 2015) (citing Harris v. Cnty. of Orange, 682 F.3d 1126, 1131–32 (9th Cir. 2012)). The Court may also take notice of documents incorporated into the complaint by reference. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (citation omitted).

ORDER GRANTING DEFENDANTS HSBC, MERS, AND
OCWEN'S MOTION FOR JUDGMENT ON THE PLEADINGS - 2

canceled by a Notice of Discontinuance of Trustee's Sale recorded by North Cascade on October 27, 2016. Ex. 11, Dkt. #63-1 at 42; see Compl. at ¶ 4.41.

Plaintiff filed her first complaint in the King County Superior Court on April 25, 2016, and a Second Amended Complaint on February 10, 2017. She argues that the Note was not properly transferred to any of the defendants, and that defendants lacked the authority to enforce, transfer, assign or foreclose on the Note. She brought six causes of action. First, she requests that the Court make various declarations regarding the Note, the Deed of Trust, the Assignment, the Appointment of Successor Trustee, the Notice of Trustee's Sale, and her right to prepay her loan. Compl. at ¶¶ 5.1–5.13. Second, she asserts that the Deed of Trust, the Assignment, the Appointment of Successor Trustee and Notice of Trustee's Sale all contain material misrepresentations and constitute mortgage fraud and/or fraudulent misrepresentation. Id. at ¶¶ 5.14–5.18; see RCW 19.144.080. Third, she alleges that Ocwen violated Washington's Consumer Loan Act ("CLA"). Compl. at ¶¶ 5.19–5.21; see RCW 31.04.015 *et seq*. Fourth, she asserts that North Cascade violated the Deed of Trust Act ("DTA"). Compl. at ¶¶ 5.22–5.23. Fifth, she alleges violations of Washington's Consumer Protection Act ("CPA"). Id. at ¶¶ 5.24–5.30; see RCW 19.86.010 *et seq*. Sixth, she brings a quiet title claim. Compl. at ¶ 5.31.

On April 11, 2017, defendants filed their answer and counterclaimed for judicial foreclosure of the subject Deed of Trust, joining, among others, the United States of America. Dkt. #1-2 at 7–20. The United States removed the case to this Court on June 22, 2017. Dkt. #1 at 1–5; see 28 U.S.C. §§ 1442(a)(1), 1444, 2410.

**A. Parties' Motions to Strike**

Plaintiff was recently compelled to substitute her local Washington counsel. Dkt. #72 at 2. On January 16, 2019, plaintiff's counsel sent an email to defense counsel indicating that Lucy Gilbert, Esq., plaintiff's new local counsel, would be involved in the case going forward. Ex. A, Dkt. #75-1 at 3. Ms. Gilbert entered her Notice of Appearance on February 20, 2019. Dkt. #64. Defendants' motion for judgment on the pleadings was initially noted for March 8, 2019. Dkt.

#63. On March 5, 2019, plaintiff's counsel and defense counsel exchanged emails agreeing to continue the noting date to March 15, 2019. Ex. B, Dkt. #75-1 at 4–7. The deadline for plaintiff's response, therefore, was March 11, 2019. See LCR 7(d). Plaintiff did not file a response by that deadline. On March 15, 2019, defendants filed a reply, arguing that their motion should be granted. Dkt. #70; see LCR 7(b)(2) ("if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Plaintiff eventually filed a response on March 18, 2019, see Dkt. #71, and filed a motion to strike defendants' reply. Dkt. #72. Defendants filed a response to plaintiff's motion to strike, see Dkt. #75, and a supplemental reply in support of their motion for judgment on the pleadings requesting that plaintiff's response be stricken. Dkt. #76.

Plaintiff did not request relief from the court deadlines as required by the local rules. See LCR 7(j). Nor did plaintiff abide by the local rules in requesting that defendants' reply be stricken. See LCR 7(g). For the sake of completeness, the Court will consider plaintiff's response in its ruling. However, this is the second time that plaintiff has failed to adhere to court deadlines. See Dkt. #77.

For all the foregoing reasons, the Court DENIES plaintiff's motion to strike defendants' reply, Dkt. #72, and DENIES defendants' request to strike plaintiff's response. Dkt. #76.

## DISCUSSION

**A. Legal Standard**

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). "The same legal standard applies to a motion for judgment on the pleadings as to a motion to dismiss for failure to state a claim." Dacumos v. Toyota Motor Credit Corp., 287 F. Supp. 3d 1152, 1154 (W.D. Wash. 2017) (citing Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011)). The Court accepts "as true all material facts alleged in the pleadings and draw[s] all reasonable inferences in favor of the nonmoving party." Id. (citing Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)). "Judgment on the pleadings is proper

when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Id. (quoting Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990)).

"There must be more than a sheer possibility that a defendant has acted unlawfully. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do". Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

**B. Plaintiff's Mortgage Fraud Claim**

Under Washington law, "It is unlawful for any person in connection with the mortgage lending process to directly or indirectly … [f]ile or cause to be filed with the county recorder or the official registrar of deeds of any county of this state any document such person knows to contain a material misstatement, misrepresentation, or omission." RCW 19.144.080(e); see Compl. at ¶ 5.14. "Every person who shall knowingly procure or offer any false or forged instrument to be filed, registered, or recorded in any public office … is guilty of a class C felony." RCW 40.16.030; see Compl. at ¶ 5.14.

Plaintiff argues that the Deed of Trust, the Assignment, the Appointment of Successor Trustee, and Notice of Trustee's Sale contain material misrepresentations and constitute mortgage fraud and/or fraudulent misrepresentation. Id. at ¶ 5.18. Defendants argue that there is no private right of action under RCW 19.144.080. See RCW 19.144.120 (director's power to enforce provisions of the chapter). The Court agrees. "Although [the] provision makes it unlawful to defraud or mislead a borrower during the process of creating a residential mortgage loan, it does not create a private right of action." Hummel v. Nw. Tr. Servs., Inc., 180 F. Supp. 3d 798, 805 (W.D. Wash. 2016), aff'd, 740 F. App'x 142 (9th Cir. 2018) (citing Johnson v. JP

ORDER GRANTING DEFENDANTS HSBC, MERS, AND
OCWEN'S MOTION FOR JUDGMENT ON THE PLEADINGS - 5

Morgan Chase Bank N.A., No. 14–5607 RJB, 2015 WL 4743918, at *11 (W.D. Wash. Aug. 11, 2015)). There is no basis for the Court to find that Hummel was wrongly decided. Thepvongsa v. Reg'l Tr. Servs. Corp., No. C10-1045 RSL, 2011 WL 307364, at *5 (W.D. Wash. Jan. 26, 2011) ("There is no private right of action under RCW 19.144.080."); see Douglass v. Bank of Am. Corp., No. CV-12-0609-JLQ, 2013 WL 2245092, at *8 (E.D. Wash. May 21, 2013) (same).

With regard to plaintiff's alternate fraudulent misrepresentation claim, the statute of limitations is three years. RCW 4.16.080(4). A cause of action "accrues when the plaintiff knew or should have known all the facts underlying the essential elements of the action." Hummel, 180 F. Supp. 3d at 808 (quoting Aventa Learning, Inc. v. K12, Inc., 830 F. Supp. 2d 1083, 1095 (W.D. Wash. 2011)). "[W]hen a plaintiff is placed on notice by some appreciable harm occasioned by another's wrongful conduct, the plaintiff must make further diligent inquiry to ascertain the scope of the actual harm." Id. (quoting Aventa Learning, 830 F. Supp. 2d at 1095–96). As defendants point out, plaintiff executed the Note and the Deed of Trust on November 2, 2006. Ex. A, Dkt. #1-2 at 51–57; Ex. B, Dkt. #1-2 at 59–76; see Hummel, 180 F. Supp. 3d at 808. The Assignment from MERS to HSBC was executed on April 7, 2011 and recorded on August 5, 2011, four and half years before she filed her first complaint in the King County Superior Court. Ex. 2, Dkt. #63-1 at 22. Plaintiff must be "charged with what a reasonable inquiry would have discovered." Hummel, 180 F. Supp. 3d at 808 (quoting Aventa Learning, 830 F. Supp. 2d at 1096). Furthermore, even prior to the Assignment, plaintiff executed two Notices of Removal of Trustees on September 20, 2010, see Exs. 4–5, Dkt. #63-1 at 25–30, and three Quit Claim Deeds on September 23 and October 11, 2010 and November 7, 2012. Exs. 6–8, Dkt. #63-1 at 31–34. All of these direct that any trustees or assignees cease and desist any further actions in relation to the Property, suggesting that plaintiff was aware of any events giving rise to her cause of action. Id. Plaintiff does not respond substantively to this argument or clarify the purpose of the Notices of Removal of Trustees or Quit Claim Deeds. See Dkt. #71 at 9–10. Her claim of fraudulent misrepresentation is barred by the statute of limitations.

## C. Plaintiff's CLA Claim

Plaintiff asserts that defendants have violated provisions of the CLA that prohibit defrauding or misleading a borrower or obtaining property through fraud or misrepresentation. RCW 31.04.027; see Compl. at ¶ 5.20. Defendants argue that private individuals are not authorized to enforce the CLA. Dkt. #63 at 8.

"When a statute creates a right but contains no remedy, the statute may contain an implied private right of action, i.e., the right of a private party to sue under the statute." Ives v. Ramsden, 142 Wn. App. 369, 389 (2008); accord Brummett v. Washington's Lottery, No. 42158-5-II, 2012 WL 6778481, at *7 n.21 (Wash. Ct. App. Sept. 18, 2012). Under RCW 31.04.165, the Director of the Washington Department of Financial Institutions may bring an action "to enjoin the acts or practices that constitute violations of [the] chapter and to enforce compliance with [the] chapter." Plaintiff has not identified any cases brought by a private plaintiff pursuant to RCW 31.04.027. Nor has the Court. Plaintiff cannot bring her claim under the CLA.

## D. Plaintiff's Deed of Trust Act Claim

Plaintiff concedes to the dismissal of her DTA claim. Dkt. #71 at 10. She cannot rely upon the DTA for her claims in the absence of a completed foreclosure. Dkt. #71 at 10; Frias v. Asset Foreclosure Servs., Inc., 181 Wn. 2d 412, 428 (2014) ("there is no independent cause of action under the DTA for DTA violations absent a completed foreclosure sale").

## E. Plaintiff's CPA Claim

Plaintiff alleges that defendants committed violations of the CLA, mortgage fraud, perjury, criminal profiteering, and misrepresentations, and that they attempted foreclosure without authority. Compl. at ¶¶ 5.25–5.26. The statute of limitations for a CPA claim is four years. RCW 19.86.120. Again, under the discovery rule, "a cause of action accrues when the plaintiff, through the exercise of due diligence, knew or should have known the basis for the cause of action." Shepard v. Holmes, 185 Wn. App. 730, 739–40 (2014) (quoting Green v. Am.

Pharm. Co., 86 Wn. App. 63, 66 (1997), aff'd, 136 Wn. 2d 87 (1998)). It may apply to CPA claims. Id. (citing Pickett v. Holland Am. Line–Westours, Inc., 101 Wn. App. 901, 913 (2000), rev'd on other grounds by 145 Wn. 2d 178 (2001)). As previously discussed, plaintiff executed the Note and the Deed of Trust on November 2, 2006. Ex. A, Dkt. #1-2 at 51–57; Ex. B, Dkt. #1-2 at 59–76. The Assignment from MERS to HSBC was executed on April 7, 2011 and was recorded on August 5, 2011. Ex. 2, Dkt. #63-1 at 22; see Shepard, 185 Wash. App. at 740–44. Plaintiff filed her complaint on April 25, 2016. Plaintiff's CPA claim is time-barred.

**F. Plaintiff's Quiet Title Claim**

"Any person who violates RCW 19.144.080 … is liable for [] damages … including costs to … quiet title on the residential property that is involved in the prosecution, and reasonable attorneys' fees as determined by the court." RCW 19.144.090. As previously discussed, plaintiff does not have a private right of action to enforce RCW 19.144.080(e). See Compl. at ¶ 5.14. She does not argue that defendants have otherwise been charged with mortgage fraud. Dkt. #71 at 11. Her quiet title claim fails.

**G. Plaintiff's Requested Declaratory Relief**

Preliminarily, plaintiff's request for declaratory relief is time-barred. Claims for declaratory relief must be brought within a "reasonable time." Schreiner Farms, Inc. v. Am. Tower, Inc., 173 Wn. App. 154, 159 (2013) (quoting Auto. United Trades Org. v. State, 175 Wn. 2d 537, 541 (2012)). What constitutes a reasonable time is determined by "analogy to the time allowed for … a similar action as prescribed by statute, rule of court, or other provision." Id. (quoting Cary v. Mason County, 132 Wn. App. 495, 501 (2006)) (alterations omitted). Plaintiff executed the Deed of Trust and Note on November 2, 2006. Ex. A, Dkt. #1-2 at 51–57; Ex. B, Dkt. #1-2 at 59–76. Defendants argue that this action stems from a written contract, to which a six-year statute of limitations applies. RCW 4.16.040. Plaintiff does not dispute that characterization. Dkt. #71 at 11. "[A] general breach of contract claim accrues on the date of the

breach, not discovery of the breach." Schreiner Farms, Inc., 173 Wn. App. at 160. Plaintiff's claim was not bought within a reasonable time.

Plaintiff would not succeed on the merits, either. She seeks an order from the Court regarding the construction of the Note and the Deed of Trust. Compl. at ¶¶ 5.2–5.3. She also requests that the Court declare that the assignments by MERS are null and void, that the Appointment of Successor Trustee was executed without lawful authority as HSBC was not the beneficiary of the Deed of Trust, that the Notice of Trustee's Sale was void, and that plaintiff was entitled to prepay the loan by tendering the balance to Ocwen and any person who may be entitled to payment is therefore restricted to the amount due at the time of attempted tender. Id. at ¶¶ 5.4–5.13.

The Court "cannot grant declaratory relief in the absence of a substantive cause of action." Bisson v. Bank of Am., N.A., 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013). Plaintiff must "'properly plead a cause of action that establishes that [she] [has] a legal right' to the relief [she] seek[s]." Bakhchinyan v. Countrywide Bank, N.A., No. C13-2273-JCC, 2014 WL 1273810, at *7 (W.D. Wash. Mar. 27, 2014) (quoting Bisson, 919 F. Supp. 2d at 1139–40). The Court has already dismissed the remainder of plaintiff's claims. Plaintiff's request that the Assignment, Appointment of Successor Trustee and Notice of Trustee Sale's be declared void is based on her claims that defendants committed mortgage fraud, see RCW 19.144.080(e), Compl. at ¶¶ 5.4, 5.11–5.12, and violated the DTA. See RCW 61.24.005; Compl. at ¶ 5.6. As previously discussed, plaintiff's cause of action for mortgage fraud fails. As plaintiff herself has conceded, she cannot rely upon the DTA for her claims in the absence of a completed foreclosure. Dkt. #71 at 10; see Frias, 181 Wn. 2d at 428. Furthermore, "[i]t is well established that 'a borrower generally lacks standing to challenge the assignment of its loan documents unless the borrower shows that it is at a genuine risk of paying the same debt twice.'" Hummel, 180 F. Supp. 3d at 806 (quoting Andrews v. Countrywide Bank, NA, 95 F. Supp. 3d 1298, 1301 (W.D. Wash. 2015)). The same is true of appointments of successor trustees. Id. (citing Brodie v. Nw. Tr. Servs., Inc., No. 12-CV-0469-TOR, 2012 WL 6192723, at *2 (E.D. Wash. Dec. 12,

2012), aff'd, 579 F. App'x 592 (9th Cir. 2014)). Plaintiff has not so alleged. Nor does plaintiff's assertion that assignments by MERS are a nullity or that references in the Deed of Trust to MERS should be construed as invalid have any merit. "[T]his court has twice rejected conclusory allegations that MERS lacks the authority to transfer a deed of trust in cases similar to this one." Andrews, 95 F. Supp. 3d at 1302 (citing Zhong v. Quality Loan Serv. Corp. of Wash., No. C13–0814JLR, 2013 WL 5530583, at *3 (W.D. Wash. Oct. 7, 2013); Wilson v. Bank of Am., N.A., No. C12–1532JLR, 2013 WL 275018, at *8 (W.D. Wash. Jan. 24, 2013)). "MERS is construed to be acting as a mere agent of the note holder." Hummel, 180 F. Supp. 3d at 806 (quoting Andrews, 95 F. Supp. 3d at 1301). Finally, plaintiff does not explain in her complaint or her response to defendants' motion why any tender made to Ocwen in 2011 restricts any person found to be entitled to payment under the Note to the amount due at that time. Compl. at ¶ 5.13; see Dkt. #71.

Plaintiff's claim regarding the Notice of Trustee's Sale executed by North Cascade does not pertain to any of the defendants who brought this motion and is not at issue here. Dkt. #63 at 16, see Compl. at ¶ 5.12.

### H. Plaintiff's Claims Against MERSCORP

As the Court has dismissed all of plaintiff's claims against defendants, there is no need to reach the parties' arguments regarding MERSCORP. See Dkt. #63 at 5–6; Dkt #71 at 6–8.

## CONCLUSION

For all the foregoing reasons, defendants' motion for judgment on the pleadings is GRANTED. All claims against HSBC, MERS, and Ocwen are DISMISSED. Plaintiff's motion to strike is DENIED.

DATED this 23rd day of September, 2019.

*[signature: Robert S. Lasnik]*
Robert S. Lasnik
United States District Judge