UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA SAEPOFF,<br><br>    Plaintiff,<br><br>  v.<br><br>NORTH CASCADE TRUSTEE SERVICES, INC., et al.,<br><br>    Defendants. | Case No. C17-957RSL<br><br>ORDER |
| HSBC BANK USA N.A. AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-WM2, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>    Counterclaimant,<br><br>  v.<br><br>JESSICA SAEPOFF, et al.,<br><br>    Counterdefendants. | |

This matter comes before the Court on (1) plaintiff Jessica Saepoff's "Motion for Reconsideration and/or to Vacate Order Granting Defendants' HSBC, MERS, and Ocwen's Motion for Judgment on the Pleadings" (Dkt. #89), (2) counterclaimant HSBC Bank USA, N.A.'s ("HSBC") "Motion for Summary Judgment" (Dkt. #90), and (3) HSBC's "Motion for

ORDER - 1

Default Judgment Against All Defaulted Counterdefendants" (Dkt. #91).  The Court, having reviewed the motions and the record contained herein,[1] finds as follows:

## I. BACKGROUND

On November 2, 2006, plaintiff Jessica Saepoff executed and delivered to WMC Mortgage Corporation ("WMC") an Adjustable Rate Note in the amount of $490,000 ("the Note").  Dkt. #1-2 (Ex. A) at 51-57.  On the same date, to secure payment on the Note, plaintiff executed a Deed of Trust pertaining to property located at 4003 92nd Avenue SE, Mercer Island, Washington ("the Property").  Dkt. #1-2 (Ex. B) at 59-76; see Dkt. #1-2 (2d Am. Compl. ("SAC")) at ¶¶ 4.1-4.7.  This named Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WMC and the beneficiary under the Deed of Trust.  Dkt. #1-2 (Ex. B) at 59-60.  The Deed of Trust was recorded on November 6, 2006 in King County, Washington.  Dkt. #63-1 (Ex. 1) at 4-21; see also Dkt. #86 at 2 n.1.  On April 7, 2011, MERS assigned its interest in the Deed of Trust to HSBC ("the Assignment").  Dkt. #63-1 (Ex. 2) at 22.  The Assignment was prepared by Ocwen.  Id.; see SAC at ¶ 4.37.  On May 21, 2015, HSBC appointed North Cascade Trustee Services, Inc. ("North Cascade") as Successor Trustee under the Deed of Trust.  Dkt. #63-1 (Ex. 3) at 23-24; see SAC at ¶ 4.39.  On January 19, 2016, North Cascade recorded a Notice of Trustee's Sale.  Dkt. #63-1 (Ex. 9) at 35-38; see SAC at ¶ 4.40.  The sale was canceled by a Notice of Discontinuance of Trustee's Sale recorded by North Cascade on October 27, 2016.  Dkt. #63-1 (Ex. 11) at 42; see SAC at ¶ 4.41.

Plaintiff filed her first complaint in King County Superior Court on April 25, 2016, see Dkt. #12-2 at 8, and a Second Amended Complaint on February 10, 2017.  See SAC.  She argued that the Note was not properly transferred to any of the defendants, and that defendants lacked the authority to enforce, transfer, assign or foreclose on the Note.  She brought six causes of action.  First, she requested that the Court make various declarations regarding the Note, the Deed of Trust, the Assignment, the Appointment of Successor Trustee, the Notice of Trustee's Sale, and her right to prepay her loan.  SAC at ¶¶ 5.1-5.13.  Second, she asserted that the Deed

---

[1] The Court finds this matter suitable for disposition without oral argument.

ORDER - 2

of Trust, the Assignment, the Appointment of Successor Trustee, and Notice of Trustee's Sale all contained material misrepresentations and constituted mortgage fraud and/or fraudulent misrepresentation. Id. at ¶¶ 5.14-5.18.  Third, she alleged that Ocwen violated Washington's Consumer Loan Act ("CLA"). SAC at ¶¶ 5.19-5.21. Fourth, she asserted that North Cascade violated the Deed of Trust Act ("DTA"). SAC at ¶¶ 5.22-5.23. Fifth, she alleged violations of Washington's Consumer Protection Act ("CPA"). Id. at ¶¶ 5.24-5.30. Sixth, she brought a quiet title claim. SAC at ¶ 5.31.

On April 11, 2017, defendants filed their answer and counterclaimed for Deed of Trust foreclosure, joining, among others, the United States of America. Dkt. #1-2 (Countercl.) at 7-20. The United States removed the case to this Court on June 22, 2017. Dkt. #1 at 1-5; see 28 U.S.C. §§ 1442(a)(1), 1444, 2410.

On September 23, 2019, the Court granted defendants HSBC's, MERS' and Ocwen's motion for judgment on the pleadings against plaintiff, and dismissed all of plaintiff's claims against those three defendants. See Dkt. #86.

## II.   PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. #89)

Plaintiff timely moved for reconsideration of the Court's Order granting defendants HSBC's, MERS', and Ocwen's motion for judgment on the pleadings. See Dkt. #89. Motions for reconsideration are disfavored in this District and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Federal Rule of Civil Procedure ("Rule") 60(b)(6) provides that a judgment may be vacated for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is a catch-all provision that should be used "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

Plaintiff asserts that the Court erred in dismissing her fraudulent misrepresentation and CPA claims as barred by the statute of limitations. See Dkt. #89 at 4-6. The Court found the claims barred by the three- and four-year statutes of limitations, respectively. Dkt. #86 at 6-8. Plaintiff argues that the relevant dates for purposes of the statutes of limitations are May 21,

ORDER - 3

2015, the day HSBC appointed North Cascade as Successor Trustee, and January 19, 2016, the day North Cascade recorded a Notice of Trustee's Sale. Dkt. #89 at 4-6.[2] Plaintiff misunderstands the nature of the Court's holding, which made clear that "[a] cause of action accrues when the plaintiff knew or *should have known* all the facts underlying the essential elements of the action." Hummel v. Nw. Tr. Servs., Inc., 180 F. Supp. 3d 798, 808 (W.D. Wash. 2016), *aff'd*, 740 F. App'x 142 (9th Cir. 2018) (emphasis added). Because plaintiff executed the Note and Deed of Trust on November 2, 2006, and because the Assignment from MERS to HSBC was executed on April 7, 2011 and recorded on August 5, 2011, see Dkt. #63-1 (Ex. 2) at 22, four-and-a-half years before she filed her first complaint in King County Superior Court, the Court "charged [plaintiff] with what reasonable inquiry would have discovered." Hummel, 180 F. Supp. 3d at 808. The Court properly dismissed plaintiff's fraudulent misrepresentation and CPA claims as barred by the statutes of limitations.[3]

In addition, plaintiff argues that the Court erroneously disposed of her request for declaratory relief on the basis that the fraudulent misrepresentation and CPA claims were improperly dismissed. Dkt. #89 at 6-7. As described above, the Court reaffirms its dismissal of these claims. Dkt. #86 at 8-10. Therefore, plaintiff is not entitled to reconsideration of her request for declaratory relief.

The Court finds plaintiff has not met her burden for reconsideration under LCR 7(h) or Rule 60(b)(6). Her "Motion for Reconsideration and/or to Vacate Order Granting Defendants' HSBC, MERS, and Ocwen's Motion for Judgment on the Pleadings" (Dkt. #89) is DENIED.

---

[2] Plaintiff did not specifically raise this argument in opposition to defendants' motion for judgment on the pleadings. See generally Dkt. #71. Rather, she made the conclusory assertion that judgment on the pleadings was inappropriate because discovery of when a cause of action accrues involves questions of fact. Id. at 9-10.

[3] Plaintiff also argues that the Court improperly interpreted plaintiff's execution of Two Notices of Removal on September 20, 2010, and three Quit Claim Deeds on September 23 and October 11, 2010, and November 7, 2012, to suggest that plaintiff was aware of any events giving rise to her cause of action. See Dkt. #89 at 5-6. While these findings bolstered the Court's analysis of the impacts of the statutes of limitations and discovery rule on plaintiff's claims, they were nonessential to the Court's holding charging plaintiff with reasonable notice and finding those claims barred by the statutes of limitations.

ORDER - 4

### III. HSBC'S MOTION FOR SUMMARY JUDGMENT (Dkt. #90)

HSBC moves for summary judgment on its counterclaim for Deed of Trust foreclosure. See Dkt. #90.

#### a. Parties' Requests to Strike

As a threshold matter, the Court must consider HSBC's request to strike plaintiff's response brief, and plaintiff's request to strike Section A of HSBC's reply. See Dkt. #100 at 3-4, #103. Defendant asks the Court to strike plaintiff's response brief, which was filed after midnight on the deadline *after* plaintiff received two Court-ordered continuances extending her response deadline by 25 days. See Dkts. #94, #98. Plaintiff filed an untimely surreply on December 3, 2019. See Dkt. #103; LCR 7(g) ("The surreply must be filed within five days of the filing of the reply brief."). She filed a supplemental surreply on December 11, 2019, without leave from the Court. Dkt. #105. The surreplies allege that the response brief was filed late due to personal and family issues encountered by plaintiff's local counsel. Dkts. #103, #105. Plaintiff asks the Court to strike HSBC's request to strike on this basis. Id.

For the sake of completeness, the Court will again consider plaintiff's late response brief. However, the Court sternly admonishes plaintiff for what can only be characterized as repeated, blatant disregard for filing deadlines and the Local Rules of this District. See also Dkts. #77, #86 at 3-4. The parties' requests to strike are DENIED.

#### b. Legal Standard

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The moving party "bears the initial responsibility of informing the district court of the basis for its motion[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It need not "produce evidence showing the absence of a genuine issue of material fact" but instead may discharge its burden under Rule 56 by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the moving party has satisfied its burden, it is entitled to summary judgment if

ORDER - 5

the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Id. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient"; the opposing party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party[.]" In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (citations omitted).

### c. Discussion

Under Washington law, a promissory note may be enforced by "the holder of the instrument," which is the "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." RCW 62A.1-201(b)(21)(A), 62A3-301. "Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument[.]" RCW 62A.3-203. "If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a 'special indorsement.'" RCW 62A.3-205(a). "When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person." Id.

It is undisputed that plaintiff executed the Adjustable Rate Note in the amount of $490,000, and secured the payment by the Deed of Trust pertaining to the Property on November 2, 2006. Dkt. #90-3 (Exs. A, B). Plaintiff admits that she stopped making her monthly mortgage payments in 2010, see Dkt. #90-1 (Ex. A) at 30:4-6, and that she never conveyed monies to pay off the Note, id. at 127:2-5, 131:6-32-7, 135:2-37:4. She has defaulted under the terms of the Note. Dkt. #90-3 (Ex. A) at 8, § 7(B) ("If I do not pay the full amount of each monthly payment on the date it is due, I will be in default."). Under the terms of the Note and Deed of Trust, foreclosure is the legal remedy for the holder of the Note. Dkt. #90-3 (Ex. A) at § 7(B), Ex. B at 23, ¶ 22. HSBC has provided evidence that it is the current holder of the

ORDER - 6

Note. Dkt. #90-1 (Ex. B) at 179. Counsel for HSBC is currently in possession of the original Note and Deed of Trust. See id. (Coughlin Decl.) at ¶ 2 ("I continue to have physical possession of these documents as attorney for HSBC in this action."). The Note contains a special endorsement to HSBC. Dkt. #90-3 (Ex. A) at 9. In Washington, the deed of trust follows the transfer of debt. See Spesock v. U.S. Bank, N.A., No. C18-92JLR, 2018 WL 4613163, at *8 (W.D. Wash. Sept. 26, 2018) (citing Am. Sav. Bank & Tr. Co. v. Helgesen, 64 Wn. 54 (1911), *on reh'g*, 67 Wn. 572 (1912)). Accordingly, as holder of the Note, HSBC is also the holder of the Deed of Trust as a matter of law and is entitled to enforce it. Id. ("[I]t follows logically that the noteholder is entitled to enforce both the note and the [deed of trust] by operation of law." (citations omitted)).

Plaintiff argues that HSBC is not entitled to foreclose on the Deed of Trust on the grounds that HSBC's declaration in support of its motion (Dkt. #90-3) is legally insufficient, and that a genuine issue of material fact exists as to the endorsement, and any transfer of, the Note. Dkt. #99 at 4-9.[4] Her arguments lack merit for the reasons set forth below.

First, plaintiff asserts that HSBC's declaration is legally insufficient because the affiant, an employee of the loan servicer, lacks personal knowledge as to the loan closing, and subsequent transfer and endorsement of the Note. Dkt. #99 at 4-5. She argues that the declaration is not supported by sufficient documentation of these processes. Id. The Washington State Court of Appeals recently considered and rejected a similar argument regarding an endorsement in blank.

> [T]he [borrowers] argue that [the bank] should not be entitled to foreclosure because it failed to explain how it came into possession of the note. The [borrowers] do not provide any legal support for their argument that, despite possessing the note, [the bank] cannot enforce the note if it cannot explain all previous transfers of the note. [The bank] produced the original note endorsed in blank. That alone allows [the bank] to enforce it. RCW 62A.1-201(21)(A) (defining "holder" as "[t]he person in possession of a negotiable instrument.");

---

[4] Plaintiff also argues that the Court should deny the motion for summary judgment because her motion for reconsideration remains pending. Dkt. #99 at 2. The Court has now denied the motion for reconsideration, rendering this argument moot.

ORDER - 7

>RCW 62A.3-205(b) ("When [e]ndorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially [e]ndorsed."); see also Brown [v. Wash. State Dep't of Commerce, 184 Wn.2d 509, 536 (2015)] ("As the holder of the note [endorsed in blank], M & T Bank is entitled to enforce the note."); Deutsche Bank [Nat'l Tr. Co. v. Slotke, 192 Wn. App. 166, 173 (2016)] ("[I]t is the holder of the note who is entitled to enforce it. It is not necessary for the holder to establish that it is also the owner of the note secured by the deed of trust").

Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-4 v. Erickson, 197 Wn. App. 1068, 2017 WL 571526, at *3 (2017), *review den. sub nom.*, Deutsche Bank Nat'l Tr. Co. v. Erickson, 188 Wn.2d 1021 (2017). The Court finds the reasoning of Erickson persuasive, and rejects plaintiff's implication that HSBC fails to allege sufficient evidence as to how it came to possess the Note. HSBC's counsel has made a sworn declaration that it is in possession of the Note, and HSBC has submitted a copy of the original Note as an exhibit to its declaration.[5] See Coughlin Decl. at ¶ 2; Dkt. #90-3 (Ex. A). The Note contains a special endorsement to HSBC. Id. These facts are sufficient to establish that HSBC is the holder of the Note, and the Court rejects plaintiff's arguments regarding the insufficiency of HSBC's declaration (Dkt. #90-3).

Second, plaintiff challenges the validity of the securitization process, asserting that the endorsement of the Note and its transfer to HSBC were improper. However, "there is ample authority that borrowers, as third parties to the assignment of their mortgage (and securitization process), cannot mount a challenge to the chain of assignments unless a borrower has a genuine claim that they are at risk of paying the same debt twice if the assignment stands." Borowski v. BNC Mortg., Inc., No. C12-5867 RJB, 2013 WL 4522253, at *5 (W.D. Wash. Aug. 27, 2013); see also Hummel, 180 F. Supp. 3d at 806 (quoting Andrews v. Countrywide Bank, NA, 95 F. Supp. 3d 1298, 1301 (W.D. Wash. 2015)). Plaintiff has not genuinely alleged such risk. See, e.g., Dkt. #90-1 (Saepoff Dep.) at 133:22-23 ("Q: . . . Has any other lender or servicer other than Ocwen or HSBC contacted you for payment of the note? A: Not to this date."). She

---

[5] Plaintiff does not credibly challenge HSBC's evidence establishing that it is in possession of the original Note and Deed of Trust. The Court finds there is no genuine dispute that HSBC is the current holder of the specially endorsed note.

ORDER - 8

accordingly has no basis to challenge the securitization and assignment of the Note and Deed of Trust to HSBC.[6]

HSBC has established as a matter of law that, as holder of the Note, it is entitled to foreclose on the Deed of Trust. Plaintiff has offered no valid basis to prevent the foreclosure, and has failed to identify any genuine issue of fact for trial. HSBC's "Motion for Summary Judgment (Dkt. #90) is GRANTED.

## IV.  HSBC'S MOTION FOR DEFAULT JUDGMENT (Dkt. #91)

On July 26, 2017, the Clerk of Court entered an order finding defendant State of Washington in default for its failure to appear or file a responsive pleading to counter-claimant HSBC's counterclaims. Dkt. #21. On November 21, 2017, the Clerk entered an order of default against defendants Unknown Beneficiary of the 4003 92nd Avenue SE Land Trust; Randy Styer, Trustee of the 4003 92nd Avenue SE Land Trust; MERS; and Occupants of the Premises. Dkt. #40. With the exception of MERS, which appeared and agreed to the entry of default, all of the aforementioned defendants failed to appear or file a responsive pleading. Id.

HSBC moves the Court for default judgment against the defaulted defendants. Dkt. #91. It appearing from the record that defaults were entered pursuant to LCR 55(a) against Unknown Beneficiary of the 4003 92nd Avenue SE Land Trust; Randy Styer, Trustee of the 4003 92nd Avenue SE Land Trust; MERS; State of Washington; and Occupants of the Premises (collectively, "defaulted defendants"); and it appearing from the declaration of HSBC, the declaration of Laura Coughlin (Dkt. #91-1), and the records herein that HSBC has established its entitlement to the non-monetary relief sought, NOW, THEREFORE, on request of counsel for HSBC, the *in rem* default judgment against defaulted defendants is hereby adjudged and entered as follows:

---

[6] The Court declines plaintiff's invitation to rely on non-binding, out-of-circuit authority to find that she may challenge HSBC's alleged noncompliance with the Pooling & Servicing Agreement. See Dkt. #99 at 7-9 (citing *inter alia* U.S. Bank Nat'l Ass'n as Tr. to Bank of Am., Nat'l Ass'n v. Gerber, 2019 WL 1299464, at *4-6 (M.D. Pa. Mar. 21, 2019)). Courts in Washington have rejected this argument. See, e.g., Deutsche Bank Nat'l Tr. Co. v. Slotke, 192 Wn. App. 166, 177 (2016) (finding plaintiff lacked standing to raise challenge to bank's compliance with the trust's pooling and service agreement "because she [was] not a party to or intended third-party beneficiary of that agreement").

ORDER - 9

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the real property (the "Property") secured by the HSBC's DOT is described as follows:

> **LOT 1 of PATRICK HEIGHTS, AS PER PLAT RECORDED IN VOLUME 49 OF PLATS, ON PAGE 37, RECORDS OF KING OCUNTY; SITUATE IN THE CITY OF MERCER ISLAND, COUNTY OF KING, STATE OF WASHINGTON.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if the final judgment amount is not tendered to HSBC immediately, then said sum shall be satisfied from the sale of the property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any interest held by the defaulted defendants, subject to HSBC's Deed of Trust recorded on November 6, 2006 under King County Auditor's File No. 20061106002692, is hereby foreclosed and the Property is hereby ordered sold in the manner provided by law, and the proceeds from the foreclosure shall be applied to the final judgment amount, as permitted therein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if a deficiency balance remains due after the application of the foreclosure sale proceeds to the final judgment amount and post-judgment amount, then a deficiency judgment shall not be entered against the defaulting defendants pursuant to RCW 6.23.020(1), as they are not the final judgment debtor.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that HSBC's Deed of Trust is declared the senior lien upon the Property and that all right, title, claim, or interest of the defaulted defendants' interests in the Property is hereby declared junior and subordinate to HSBC's lien, and said defaulted defendants are hereby forever foreclosed except for any statutory right of redemption and surplus funds allowed by law, if any.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that HSBC is hereby granted the right to become the bidder and purchaser at the foreclosure sale.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the purchaser at the foreclosure sale of the Property is entitled to exclusive and immediate possession of the Property from and after the date of the sale and is entitled to such remedies as are available at law to secure possession and the judgment entered herein have the same effect as a writ of assistance, if

ORDER - 10

defendants, or any of them, or any other party or person shall refuse to surrender possession to the purchaser immediately on the purchaser's demand for possession.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that HSBC may localize this judgment for the purposes of enforcing the judgment through sale effectuated by the King County Sheriff's Office in the same manner as if it had been issued by the King County Superior Court.

### V. CONCLUSION

For all the foregoing reasons, IT IS HEREBY ORDERED THAT,

(1) Plaintiff's "Motion for Reconsideration and/or to Vacate Order Granting Defendants' HSBC, MERS, and Ocwen's Motion for Judgment on the Pleadings" (Dkt. #89) is DENIED.

(2) HSBC'S "Motion for Summary Judgment" (Dkt. #90) is GRANTED.  HSBC may proceed to judicial foreclosure.

(3) HSBC'S "Motion for Default Judgment" (Dkt. #91) is GRANTED as set forth above.

DATED this 30th day of October, 2020.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 11