UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA SAEPOFF,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH CASCADE TRUSTEE SERVICES, INC., et al.,<br><br>    Defendants. | Case No. C17-957RSL<br><br>ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES AND MOTION TO ALTER/AMEND FINAL JUDGMENT |
| HSBC BANK USA N.A. AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-WM2, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>    Counterclaimant,<br><br>    v.<br><br>JESSICA SAEPOFF, et al.,<br><br>    Counterdefendants. | |

This matter comes before the Court on (1) a "Motion for Award of Attorney's Fees" (Dkt. # 110); and (2) a "Motion to Alter/Amend Final Judgment Pursuant to FRCP 59(e)" (Dkt. # 112), both filed by counterclaimant/crossclaimant HSBC Bank USA, N.A. as trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace

ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES
AND MOTION TO ALTER/AMEND FINAL JUDGMENT - 1

Securities Corp. Home Equity Loan Trust, Series 2007-WrM2, Asset Backed-PassThrough Certificates ("HSBC"), MERSCORP Holdings, Inc. ("MERSCORP"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Ocwen Mortgage Servicing, LLC ("Ocwen") (collectively, the "Moving Defendants"). The Court, having reviewed the motions and the record contained herein,[1] finds as follows:

## I.   BACKGROUND

On April 25, 2016, plaintiff Jessica Saepoff filed an action in King County Superior Court. Dkt. # 12-2 at 8. On February 10, 2017, Saepoff filed a second amended complaint. Dkt. # 1-2 at 28. Saepoff sought relief based on her theory that defendants pursued collection of a mortgage debt and foreclosure through illegal, unethical, and immoral means. Id. In short, Saepoff claimed that the Note and Deed of Trust she executed should be invalidated. The Moving Defendants filed their answer and HSBC filed their counterclaim/crossclaim for Deed of Trust foreclosure. Dkt. # 12-9 at 2, 9–15. HSBC's foreclosure claim named Saepoff and MERS as defendants, along with other parties with a recorded interest in the property, including the United States of America ("USA"). Dkt. # 12-9 at 10–11. The USA removed this action to this Court on June 22, 2017. Dkt. # 1.

On September 23, 2019, the Court granted the Moving Defendants' motion for judgment on the pleadings dismissing all of Saepoff's claims against the Moving Defendants. Dkt. # 86. The Court later denied Saepoff's Motion for Reconsideration of this Order on October 30, 2020. Dkt. # 106. That same day, the Court also granted HSBC's Motion for Summary Judgment. Id. Judgment was entered on December 4, 2020. Dkt. # 109. Saepoff filed notices of appeal to the Ninth Circuit regarding these Orders (Dkts. # 86, # 106) and the Judgment (Dkt. # 109). Dkts. # 107, # 115. The Ninth Circuit has since consolidated the appeals. Dkt. # 123.

Meanwhile, on December 16, 2020, the Moving Defendants filed three motions: (1) a "Motion for Award of Attorney's Fees" (Dkt. # 110), (2) a "Motion to Alter/Amend Final

---

[1] The Court finds this matter suitable for disposition without oral argument.

ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES
AND MOTION TO ALTER/AMEND FINAL JUDGMENT - 2

Judgment Pursuant to FRCP 59(e)" (Dkt. # 112), and (3) a "Motion for Bill of Costs"[2] (Dkt. # 111). As of January 21, 2021, the Deputy in Charge identified the total costs allowed for purposes of the "Motion for Bill of Costs" as $4,556.94. Dkt. # 122.

In response to the Moving Defendants' three motions, Saepoff submitted a single filing, a "Response to Defendants' Motion for Award of Attorney's Fees and Motion to Stay Disposition of Motion Pending Appeal." Dkt. # 120. Saepoff did not note any motion to stay,[3] but the Moving Defendants' reply to Saepoff's response included their opposition to Saepoff's request to stay, and the Court will consider the propriety of imposing a stay per Saepoff's request.

## II.    REQUEST TO STAY DISPOSITION

### A.    Ninth Circuit's Appellate Process

Saepoff requests that the Court stay disposition of any motion for attorneys' fees pending "the full disposition of the appellate process." Dkt. # 120 at 2. Notably, the Ninth Circuit has since issued an Order holding its proceeding on Saepoff's appeal "in abeyance pending the district court's resolution of the post-judgment motion," and citing Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co., 19 F.3d 444, 445 (9th Cir. 1994). Dkt. # 123. Leader applies Federal Rule of Appellate Procedure Rule 4(a)(4), which provides that "[a] notice of appeal filed after announcement or entry of the judgment but before disposition of any of the . . . [specified post-judgment] motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding." Fed. R. App. P. Rule 4(a)(4). "[A] notice of appeal filed while a Fed. R. Civ. P. 59 motion is pending is . . . held in abeyance until the motion is resolved." Leader Nat'l Ins. Co., 19 F.3d at 445. Here, the Moving Defendants' "Motion to Alter/Amend Final Judgment Pursuant to FRCP 59(e)" remains outstanding, and per the Federal Rules of Appellate Procedure, this Court should resolve that motion before the Ninth Circuit proceeds with Saepoff's appeal. Given that

---

[2] Per our Local Civil Rules, "[m]otions for costs shall be considered by the clerk." LCR 54(d)(3).

[3] Plaintiff's continued disregard for the Local Rules of this District is concerning. See Dkt. # 106 at 5 (sternly admonishing plaintiff for "repeated, blatant disregard for filing deadlines and the Local Rules of this District").

ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES
AND MOTION TO ALTER/AMEND FINAL JUDGMENT - 3

this motion to alter/amend the judgment is connected to the motion for attorney's fees due to the fact that the Moving Defendants are seeking the incorporation of attorney's fees and costs into the final judgment, it would seem inconsistent with the Ninth Circuit's Order citing the Federal Rules of Appellate Procedure for this Court to stay disposition of the motion for attorney's fees.

**B.    Saepoff's Justification for a Stay**

Even setting aside this concern regarding the application of the Federal Rules of Appellate Procedure, the Court finds that Saepoff has offered insufficient justification to stay the disposition of the motion for attorneys' fees. "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant." Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion." Nken v. Holder, 556 U.S. 418, 433–34 (2009). The Courts consider four factors when deciding whether to grant a stay of a civil order pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 426. The Supreme Court has identified the first two factors as the "most critical." Id. at 434.

Regarding the first factor, the mere possibility that relief will be granted is insufficient. Id. at 434. Saepoff neglects to actually address the merits of the appeal, and instead requests that the factor "be given minimal weight" because she claims that it is "difficult to satisfy at this stage." Dkt. # 120 at 5–6. Saepoff has thus failed to make a strong showing that she is likely to succeed on the merits. Saepoff cites Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991) for the principle that the "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff [] will suffer absent the stay," Dkt. # 120 at 5, but Saepoff has not attempted to

demonstrate *any* probability of success.[4] The Court finds that this factor weighs against granting a stay.

As for the second factor, Saepoff's filing identifies the property at issue as being her primary residence and it posits that an attorney's fee award of over $56,000 "*could* put [her] out of business," Dkt. # 120 at 6 (emphasis added), but no sworn declaration regarding her financial situation was included to support her claim of irreparable injury. The Court finds that this factor cuts against granting a stay. See Pers. Web Techs., LLC v. EMC Corp., No. 5:13-CV-01358-EJD, 2020 WL 1557441, at *2 (N.D. Cal. Apr. 1, 2020) (citing a failure to introduce evidence of irreparable harm as cutting against the party requesting a stay).

The third factor has little weight, but it favors Saepoff. The Moving Defendants forecast that their "ability to recover the attorney's fees and costs from Saepoff outside of the enforcement of the contract through the sale of the real property is unlikely if it is at that point, unsecured," Dkt. # 121 at 6, thereby creating a hardship for the Moving Defendants. Ultimately, there is insufficient evidence before the Court on this point, and the Moving Defendants have not persuaded the Court that delaying the resolution of this motion would substantially injure them.

The fourth and final factor does not favor Saepoff, however. "[J]udicial economy is better served by determining attorneys' fees promptly while the details of the proceedings are still fresh and when the Federal Circuit has the opportunity to consider any appeal of the calculation at the same time as the appeal on the merits." Spitz Techs. Corp. v. Nobel Biocare USA LLC, No. SACV 17-00660 JVS (JCGx), 2018 WL 6016149, , at *2 (C.D. Cal. Aug. 13, 2018); see also Hernandez v. Franklin Credit Mgmt. Corp., BR 18-1159-TWD, 2020 WL 583814, at *4 (W.D. Wash. Feb. 6, 2020) ("[T]he public interest is served by the efficient administration of justice, and it is efficient to dispose of multiple issues and motions in a single order.").

---

[4] Saepoff cites Smith v. Arizona Citizens Clean Elections Commission, 132 P.3d 1187, 1191 (Ariz. 2006) (en banc) for a principle similar to Michigan Coalition, Dkt. # 120 at 5, but again, Saepoff's failure to make any showing regarding the likelihood of success on the merits dooms her request for a stay.

ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES
AND MOTION TO ALTER/AMEND FINAL JUDGMENT - 5

Altogether, the Nken factors weigh against granting Saepoff's request for a stay.[5] Therefore, this request is DENIED.

### III. MOTION FOR AWARD OF ATTORNEY'S FEES

The Moving Defendants correctly characterize Saepoff's response to their motion for an award of attorney's fees as being "completely devoid of any response to the merits." Dkt. # 121 at 2. In other words, Saepoff failed to make any specific objections to the attorney's fees requested by Moving Defendants.

**A.  Legal Standard**

According to Federal Rule of Civil Procedure 54(d)(2)(A): "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The motion must be filed no later than 14 days after entry of the judgment, specify the judgment and the grounds entitling the award, state the amount sought or provide a fair estimate of it, and, if ordered by the court, disclose the terms of the agreement for fees. Fed. R. Civ. P. 54(d)(2)(B).

Courts determine the amount of a fee award by determining a "lodestar figure," which is obtained by multiplying the number of hours reasonably expended on a matter by a reasonable hourly rate. Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1993). Courts may then adjust the lodestar with reference to factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by City of Burlington v. Dague, 505

---

[5] Saepoff's reliance upon Rojsza v. City of Ferndale, No. C12-2152 MJP, 2013 WL 4505802 (W.D. Wash., Aug. 22, 2013), Dkt. # 120 at 2, is unavailing. That case involved the question of whether to stay a motion for summary judgment based on grounds of judicial estoppel until after the appeal of a separate state court matter that concerned the same parties and similar claims. Rojsza, 2013 WL 4505802, at *2–3. Given that the state action, which was the basis for the estoppel argument, was still ongoing, it made sense for the court to stay the case until that state action concluded. In contrast, the instant matter involves claims that have already been adjudicated. Similarly, Saepoff's citation to Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983), Dkt. # 120 at 4, also lacks persuasive force. The Ninth Circuit merely concluded that a district court did not abuse its discretion by staying an action pending receipt of the results of an arbitration; the case did not concern an appeal. Mediterranean Enters., Inc., 708 F.2d at 1465.

ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES
AND MOTION TO ALTER/AMEND FINAL JUDGMENT - 6

U.S. 557 (1992), to the extent those factors are not already subsumed in counsel's hourly rates or the number of hours expended on the litigation.[6]

**B.     Moving Defendants' Entitlement to Recovery**

Within the timeline outlined by the Federal Rules of Civil Procedure, the Moving Defendants filed a motion asserting that they are entitled to an award of attorney's fees as the prevailing party and pursuant to the terms of the Note and Deed of Trust at issue in this matter. Dkt. # 110. In particular, the Moving Defendants cite Section 7(E) of the Note, which provides:

> If the Note Holder has required me to pay in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable *attorneys' fees*.

Dkt. # 90-3 at 8 (emphasis added). The Deed of Trust also calls for the recovery of attorney's fees specifically:

> **9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . . Lender's actions can include, but are not

---

[6] The factors set forth in Kerr to evaluate the reasonableness of requested fees are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.

ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES
AND MOTION TO ALTER/AMEND FINAL JUDGMENT - 7

> limited to . . . (b) appearing in court; and (c) paying reasonable *attorneys' fees* to protect its interest in the Property and/or rights under this Security Instrument . . . . Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.
>
> . . . .
>
> **14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, *attorneys' fees* . . . .
>
> . . . .
>
> **26. Attorneys' Fees.** Lender shall be entitled to recover its reasonable *attorneys' fees* and costs in any action or proceeding to construe or enforce any term of this Security Instrument . . . .

Dkt. # 90-3 at 18, 20, 23 (emphasis added). Based on the terms of the Note and the Deed of Trust, the Moving Defendants are entitled to an award of reasonable attorney's fees related to their defending against Saepoff's dismissed claims, and HSBC is entitled to an award for prosecuting the judicial foreclosure claim.

## C.     Reasonableness of the Moving Defendants' Attorney's Fees

### 1.     Reasonableness of Rate

For purposes of determining a reasonable hourly rate, the Court "must look to the prevailing market rates in the relevant community." Bell v. Clackamas Cty., 341 F.3d 858, 868 (9th Cir. 2003). Generally, the rates of attorneys in the forum district are used. See, e.g., Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992). The Court should also consider the "experience, skill, and reputation of the attorney requesting fees." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 906 (9th Cir. 1995). The Court is further allowed to rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. Ingram v. Oroudjiam, 647 F.3d 955, 928 (9th Cir. 2011).

The Moving Defendants detailed the rates of the various attorneys involved in litigating this matter and calculated the blended rate for their time to be $226.7507 per hour. Dkt. # 110-1 at 3–4; Dkt. # 110 at 7 n.1. Attorney Laura Coughlin's most recent rate was $315.00 per hour. Dkt. # 110-1 at 3. Additionally, the Moving Defendants submitted evidence that other law firms in the Seattle area have higher rates for similar services. Dkt. # 110-1 at 5, 116–139. The Court finds the blended rate and Ms. Coughlin's rate to be reasonable for the community.

### 2. Reasonableness of Hours

In the Ninth Circuit, "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude hours that are "excessive, redundant, or otherwise unnecessary." Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013) (citing McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2008)).

The Moving Defendants' attorneys assert that they spent 261.5 hours of attorney time between May 11, 2016 (when retained), and December 14, 2020 (two days prior to the filing of the Moving Defendants' motion for attorney's fees). Dkts. # 110 at 3, # 110-1 at 4. The Moving Defendants provided billing statements reflecting the date, description, rate, and total time associated with legal services. Dkt. # 110-1 at 7–114. The services included "answering the claims asserted by Saepoff, defending against two injunction motions, responding to a cease and desist from Saepoff, asserting a judicial foreclosure counterclaim, serving all defendants in counterclaim, communicating and negotiating stipulations with various defendants, conducting written discovery, attending two depositions, moving to compel responses to discovery, settlement negotiations, dealing with attorney bar complaint issues regarding Saepoff's former counsels, a motion for judgment on the pleadings, and motion for summary judgment." Dkt. # 110 at 6. Notably, the Moving Defendants' won their motions for judgment on the pleadings and for summary judgment. Following the Moving Defendants' initial motion, their attorney filed a supplemental declaration detailing that she completed an additional 8.9 hours of work between December 16, 2020, and January 15, 2021, during which time the Moving Defendants

filed their reply in support of their motion for attorney's fees. Dkt. # 121-1. Given the work performed by the Moving Defendants' counsel, the time spent was reasonable.

### 3. Lodestar Rate

The calculation for the Moving Defendants' attorneys' time before December 16, 2021 is $226.7507 (blended rate) x 261.5 (number of hours) for a total of $59,295.30. The final 8.9 hours of work from December 15, 2020 to January 15, 2021 was billed at the rate of $315, counsel Laura Coughlin's rate. Dkt. # 121-1 at 2. Together, the total amount of reasonable attorney's fees is $62,098.80. The Moving Defendants' "Motion for Award of Attorney's Fees" (Dkt. # 110) is GRANTED.

## IV.   MOTION TO ALTER/AMEND FINAL JUDGMENT

The Moving Defendants request amendment of the final judgment to include the award amount and attorney's fees, and a final decree of foreclosure as to all parties. Dkt. # 112 at 4. Saepoff did not file any response to this motion. The Court treats this failure "as an admission that the motion has merit." LCR 7(b)(2).

Pursuant to Federal Rule of Civil Procedure 59(e), "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)). A Rule 59(e) amendment may be particularly appropriate where a party seeks to "amend the judgment specifically to reflect the relief sought in its complaint." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1112 (9th Cir. 2011).

Here, the Moving Defendants' motion was timely and their counterclaim specifically requested judgment for monies due against Saepoff and a decree of foreclosure. Dkt. # 4 at 88–94. Both the Court's Order granting summary judgment and the Judgment entered provided that "HSBC may proceed to judicial foreclosure." Dkts. # 106 at 111, # 109. The Judgment did not, however, include a summary of the amounts of the debt or the recitation of the decree of foreclosure. Dkt. # 109. The Moving Defendants assert that to proceed, they need to obtain a

ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES
AND MOTION TO ALTER/AMEND FINAL JUDGMENT - 10

final judgment providing the monetary judgment amount and containing a recitation on the priority and rights of HSBC to proceed. Dkt. # 112 at 4. Without this amendment, the Moving Defendants maintain that they will be prejudiced because "the amount of their lien as adjudicated will not be memorialized through judgment." Dkt. # 112 at 6. The Moving Defendants list the following consequences of the status quo:

> This will prevent a sheriff, marshall, [sic] or other enforcement party from being able to continue with enforcement. Moreover, if the amount of the judgment is not placed within the judgment, if Seapoff [sic] were to attempt to restrain the enforcement of a sale during her pending appeal, the Courts would have no basis for which to determine a bond on the monetary judgment, if one was requested.

Dkt. # 112 at 6. In Saepoff's response to HSBC's motion for summary judgment, Saepoff never contested the amount of debt HSBC presented. Dkt. # 99. The Court finds it appropriate to finalize the judgment with a full record of the relief obtained by HSBC with their judicial foreclosure counterclaim. The Court therefore amends the final judgment to include recitations regarding the decree of foreclosure and outlining the total monetary judgment against Saepoff. The amended judgment will reflect the attorney's fees award ($62,098.80), the allowable costs ($4,556.94), Dkt. # 122, and the judgment creditor's fees and costs as of September 20, 2019 ($922,592.68).

## V.   CONCLUSION

For all the foregoing reasons, IT IS HEREBY ORDERED THAT,

(1) The Moving Defendant's "Motion for Award of Attorney's Fees" (Dkt. # 110) is GRANTED and Moving Defendants are entitled to recover reasonable attorney fees in the amount of $62,098.80 for work completed through January 15, 2021.

(2) Saepoff's Request for a Stay (Dkt. # 120) is DENIED.

(3) The Moving Defendants' "Motion to Alter/Amend Final Judgment Pursuant to FRCP 59(e)" (Dkt. # 112) is GRANTED. The Moving Defendants' proposed judgment (Dkt. # 121-3) shall be entered and made effective as of the date of the filing of the first

final judgment, December 4, 2020, with the exception that the "costs" outlined will be adjusted from $4,799.43 to $4,556.94, consistent with Dkt. # 122.

DATED this 30th day of August, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge